[Cite as *State v. Cowdrey*, 2018-Ohio-1959.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-17-016

      Appellee                              Trial Court No. 16CR922

v.

Robert J. Cowdrey                          **DECISION AND JUDGMENT**

      Appellant                             Decided:  May 18, 2018

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney,
Mark E. Mulligan and Kaitlin E. Klucas, Assistant Prosecuting
Attorneys, for appellee.

Danielle C. Kulik, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 17, 2017 judgment of the Sandusky County

Court of Common Pleas, sentencing appellant to a one-year term of incarceration

following appellant's jury conviction on one count of importuning, in violation of R.C.

2907.07(D)(1), a felony of the fifth degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Robert J. Cowdrey, sets forth the following three assignments of error:

> I. The court erred in denying the motion to suppress.
>
> II. The court erred in denying the motion for acquittal.
>
> III. The court erred in sentencing defendant to the maximum prison term.

{¶ 3} The following undisputed facts are relevant to this appeal. In 2016, appellant, a 52-year-old man from Sandusky County, Ohio, became acquainted with a 13-year-old girl ("victim").

{¶ 4} Appellant became introduced to the victim through his teenage daughter. Appellant's daughter was dating a boy who was a personal friend of the victim's boyfriend. Subsequent to becoming familiar with the victim, appellant became infatuated with her and eventually obtained her mobile phone number.

{¶ 5} On February 15, 2016, the victim's mother conducted a routine parental check of her daughter's mobile phone. The victim's mother discovered multiple sexually aggressive, manipulative, and sexually solicitous text messages that appellant had sent to her daughter on January 21, 2016.

{¶ 6} In a series of increasingly sexualized text messages, appellant inquired of the 13-year-old girl regarding her specific sexual experiences, desires, and activities with her

2.

teenage boyfriend. Appellant feigned concern and attempted to manipulate her into privately meeting with appellant so that he could "train" her in various sexual activities.

{¶ 7} For example, appellant texted the victim, "So do you like your neck kissed a lot * * * slowly working up your lips and kissing you?" Appellant went on to text, "Have you ever touched your breasts and played with them yourself?" The clear objective of appellant's communications with the victim was reflected in appellant's texts stating, "Eas[ier] to show you then explain * * * Like [you] do sexual stuff with me * * * [S]o [that] you know how it is done and then how it feels good for you."

{¶ 8} Upon discovery of these texts, the victim's mother confronted her 13-year-old daughter who conveyed that the unsolicited texts from appellant made her uncomfortable and concerned that he intended to physically, sexually interact with her.

{¶ 9} The victim's mother took her daughter's mobile phone containing the subject text messages to the Fremont Police Department and reported the incident.

{¶ 10} In the course of the ensuing police investigation, the assigned detective contacted appellant by phone, explained that he was conducting an investigation, and requested that appellant stop into the police department to discuss the matter.

{¶ 11} On March 4, 2016, appellant voluntarily drove to the police department and was interviewed in an unlocked room. The detective explained to appellant that charges were not being filed by the police, that the matter would be turned over to the local prosecutor, and the local prosecutor would ultimately determine whether or not to subsequently file criminal charges in connection to these events.

{¶ 12} At the conclusion of the voluntary interview, appellant left the police department without obstruction or incident. Notably, appellant conceded to the investigating officers that he sent the subject texts and further conveyed that they were an effort to obtain the trust of the victim.

{¶ 13} On September 13, 2016, appellant was indicted on one count of importuning, in violation of R.C. 2907.07(D)(1), a felony of the fifth degree. On February 7, 2017, a motion to suppress hearing in the matter was conducted by the trial court. The investigating detective and appellant testified at the suppression hearing.

{¶ 14} The detective noted in his testimony that appellant was contacted by telephone, was asked to voluntarily appear to be interviewed, voluntarily drove himself to the police department, was interviewed in an unlocked room, was never told that he was unable to leave, was never placed under arrest, was affirmatively advised that no charges were being filed and that the matter would be referred to the local prosecutor for consideration of future charges, and left the premises at the conclusion of the interview without interference of any kind.

{¶ 15} The trial court concluded that the subject interview was investigatory and not custodial. Therefore, the trial court determined that it was not improper that appellant was not mirandized. The motion to suppress was denied and the matter proceeded to a jury trial.

{¶ 16} During the jury trial, the victim and the victim's mother both testified, in addition to the testimony by the investigating officers and detectives.

4.

{¶ 17} The victim testified that she had known appellant for a few months due to the previously mentioned connection to appellant's teenage daughter's boyfriend. The victim conveyed that appellant had obtained her mobile phone number and sent her numerous texts messages involving, "sexual things." The victim's boyfriend was with her as the text messages were being sent to her and she disclosed the situation to him.

{¶ 18} The investigating detective testified that the subject messages were sent by appellant to the victim on January 21, 2016, when appellant was 52 years of age and the victim was 13 years of age. The detective further testified that during the interview process appellant conceded to sending the messages and to hoping that the messages facilitated trust between the victim and the appellant. Appellant stated to the detective, "Yes. I'm not going to sit here and lie to you * * * I was trying to gain trust from her."

{¶ 19} Counsel for appellant made a Crim.R. 29 motion for acquittal at the conclusion of the trial. The trial court determined that appellee had met the prima facie burden of proof of the offense and the motion was denied. The jury found appellant guilty of the offense. A presentence investigation was ordered.

{¶ 20} On April 17, 2017, appellant was sentenced to a one-year term of incarceration, five years of community control, and Tier 1 sexual offender registration requirements. This appeal ensued.

{¶ 21} In the first assignment of error, appellant maintains that the trial court erred in denying appellant's motion to suppress. We do not concur.

5.

{¶ 22} It is well-established that an appellate court must accept the trial court's findings regarding a disputed motion to suppress judgment if they are supported by competent, credible evidence. Mindful that the trial court is in the best position to evaluate witness credibility and resolve factual court questions, the appellate court determines whether the facts satisfy the applicable legal standard. *State v. Konneh*, 6th Dist. Wood No. WD-17-007, 2018-Ohio-1239, ¶ 22.

{¶ 23} In the instant case, the record clearly reflects, through the testimony of the investigating detective, that appellant was contacted via telephone by the detective who informed appellant that he was looking into a matter and requested appellant voluntarily drop by the police station to discuss the matter.

{¶ 24} The record further reflects that appellant voluntarily drove himself to the police station and met with the detective in an unlocked room to discuss the matter. The record also shows that appellant was never placed under arrest, never hindered or obstructed in any way so as to impinge upon his freedom of action, was advised that the matter was going to be referred to the local prosecutor for consideration of potential future charges, and that appellant left the police department of his own accord without interference.

{¶ 25} The record contains ample, clear evidence in support of the trial court determination that the subject interview was investigatory, and was not custodial, such that no duty to furnish *Miranda* warnings to appellant was triggered. Wherefore, we find appellant's first assignment of error not well-taken.

6.

{¶ 26} In appellant's second assignment of error, appellant contends that the trial court erred in denying appellant's Crim.R. 29 motion for acquittal at the conclusion of the trial. We do not concur.

{¶ 27} Appellant was found guilty of one count of importuning, in violation of R.C. 2907.07(D)(1).

{¶ 28} R.C. 2907.07(D)(1), establishes in pertinent part that, "No person shall solicit another by means of a telecommunications device * * * to engage in sexual activity with the offender when the offender is 18 years of age or older and * * * the other person is 13 years of age or older but less than 16 years of age."

{¶ 29} It is well-established that the denial of a motion for acquittal is reviewed by the appellate court utilizing the same standard as that for determining whether a verdict is supported by sufficient evidence. When reviewing a challenge to the sufficiency of the evidence, we must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *State v. Jefferson*, 6th Dist. Lucas No. L-16-1182, 2017-Ohio-7272, ¶ 15.

{¶ 30} The record reflects that appellant conceded to sending the subject text messages to the victim. The record shows that appellant was aware of the victim's age. The record reflects that appellant, who was 52 years of age, solicited the 13-year-old victim for sexual activity via a telecommunications device.

7.

{¶ 31} The record shows that when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact had ample evidence from which to find the elements of the crime proven beyond a reasonable doubt. Given the sufficiency of the evidence presented at trial, the trial court's denial of appellant's Crim.R. 29 motion for acquittal was proper.

{¶ 32} Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 33} In appellant's third assignment of error, appellant maintains that the trial court erred in sentencing appellant to a one-year term of incarceration. We do not concur.

{¶ 34} It is well-established that appellate court review of felony sentences is governed by R.C. 2953.08(G)(2). Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, decrease, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds that either applicable statutory findings were not supported by the record or the sentence is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 35} In light of these governing standards, we note that R.C. 2929.13(B) is applicable to this case. Pursuant to R.C. 2929.13(B)(v), the trial court is vested with the discretion to impose a term of incarceration against one convicted of a fourth or fifth-degree felony, that is not an offense of violence, if the facts reflect that the offense was also a sexual offense.

8.

{¶ 36} The record reflects ample evidence presented to the trial court to satisfy the above-described statutory findings so as to warrant the imposition of a term of incarceration against appellant.

{¶ 37} R.C. 2929.14 establishes that for fifth-degree felonies the potential period of incarceration is, "[S]ix, seven, eight, nine, 10, 11, or 12 months." Appellant was sentenced to a lawful one-year term of incarceration.

{¶ 38} The record reflects that at sentencing the trial court noted in pertinent part, "I think you have really damaged her, and there should be consequences, and I don't think I would be doing * * * the State of Ohio any favor by diminishing the offense by putting you on community control. This was shocking conduct, not to be tolerated."

{¶ 39} The record reflects that the disputed sentence was not clearly and convincingly based upon applicable statutory findings not supported by the record or otherwise contrary to law. Wherefore, we find appellant's third assignment of error not well-taken.

{¶ 40} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

JUDGE

James D. Jensen, J.

_____

Christine E. Mayle, P.J.
CONCUR.

JUDGE

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.